IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,

                      Petitioner,

      v.                                      CASE NO. 24-3235-JWL

JESSE HOWES,

                      Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Michael Ray Scott, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. The Court therefore will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court.

**Background**

In May 2024, in the District Court of Seward County, Kansas, Petitioner pled no contest to and was found guilty of possession with intent to distribute a controlled substance within 1000 feet of a school and criminal possession of a firearm by a convicted felon. (Doc. 1, p. 1.) He was sentenced to 114 months in prison with 36 months of postrelease supervision. *Id.* Petitioner advises that he filed a notice of appeal and his direct appeal is ongoing. *Id.* at 2.

Petitioner filed his federal petition for writ of habeas corpus in this Court on December 23, 2024. (Doc. 1.) Therein, he asserts four grounds for relief challenging the validity of his convictions on several fronts, including allegations of unconstitutionally ineffective assistance of

counsel, legal malpractice, unconstitutional search or seizure, and other circumstances he believes undermine the legality of his arrest, prosecution, and conviction. *Id.* at 5-6, 8; (Doc. 1-2, p. 1-7). As relief, Petitioner asks this Court to vacate his sentence and convictions. (Doc. 1, p. 14.)

**Initial Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals (KCOA), which must have denied relief. *See*

*Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

There is no indication that the KCOA has considered or denied the arguments Petitioner makes in his petition to this Court. Petitioner advises that his state-court direct appeal is currently ongoing and, even liberally construed, he does not allege that he cannot raise these issues in his direct appeal or, where necessary and proper, in a postconviction proceeding in the state courts. This Court offers no opinion on the potential for success in either the currently pending direct appeal or future state-court proceedings. It notes only that these avenues for state court relief appear to remain available to Petitioner.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

The information currently before this Court does not demonstrate that Petitioner lacks the opportunity to seek relief in the state court, that the state corrective process is so clearly deficient that such efforts would be futile, or that the Kansas Supreme Court has recently decided the precise legal issue raised in the current federal habeas petition. Accordingly, the Court will direct

Petitioner to show good cause in writing why this matter should not be dismissed without prejudice so that he may exhaust his claims in state court before seeking federal habeas relief. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **February 4, 2025**, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:   This 30th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
