IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,

                                Petitioner,

      v.                                                            CASE NO. 24-3235-JWL

JESSE HOWES,

                                Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Michael Ray Scott, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Thus, on December 30, 2024, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court. (Doc. 5.) This matter comes now before the Court on Petitioner's timely filed response to the NOSC. (Doc. 6.)

**Background**

      In May 2024, in the District Court of Seward County, Kansas, Petitioner pled no contest to and was found guilty of possession with intent to distribute a controlled substance within 1000 feet of a school and criminal possession of a firearm by a convicted felon. (Doc. 1, p. 1.) In October 2024, he was sentenced to 114 months in prison with 36 months of postrelease supervision. *Id.* Petitioner advises that he filed a notice of appeal and is pursuing a direct appeal. *Id.* at 2.

      Petitioner filed his federal petition for writ of habeas corpus in this Court on December 23,

1

2024. (Doc. 1.) Therein, he asserts four grounds for relief challenging the validity of his convictions and sentences on several fronts and alleging multiple constitutional violations. *Id.* at 5-6, 8; (Doc. 1-2, p. 1-7). As relief, Petitioner asks this Court to vacate his sentence and convictions. (Doc. 1, p. 14.)

**Exhaustion**

As explained in the NOSC:

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals (KCOA), which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

There is no indication that the KCOA has considered or denied the arguments Petitioner makes in his petition to this Court. Petitioner advises that his state-court direct appeal is currently ongoing and, even liberally construed, he does not allege that he cannot raise these issues in his direct appeal or, where necessary and proper, in a postconviction proceeding in the state courts. This Court offers no opinion on the potential for success in either the currently pending direct appeal or future state-court proceedings. It notes only that these avenues for state court relief appear to remain available to Petitioner.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454

>U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).
>
>The information currently before this Court does not demonstrate that Petitioner lacks the opportunity to seek relief in the state court, that the state corrective process is so clearly deficient that such efforts would be futile, or that the Kansas Supreme Court has recently decided the precise legal issue raised in the current federal habeas petition.

(Doc. 5, p. 2-3.)

**Analysis**

Because Petitioner is pro se, the Court liberally construes his 20-page response to the NOSC. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In the response, Petitioner appears to assert that he has already exhausted his claims; he points out that he "need not present the state with more than one opportunity." (Doc. 8, p. 2.) At other points in the response, Petitioner asserts that he has already provided notice to the State—by way of previous litigation—that he believes his constitutional rights were violated. *Id.* at 8, 17. But the exhaustion requirement for federal habeas claims does not focus on whether a state district court, an involved Sheriff's Department, or state prosecutors were aware of or had notice of the alleged constitutional violations. Rather, it focuses on whether the claims have been presented to and rejected by a Kansas appellate court. *See Picard*, 404 U.S. at 275-76; Kan. S. Ct. R. 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). On the information now before this Court, Petitioner's claims have not. Thus, they are unexhausted.

Liberally construing the response, Petitioner also argues that he should be excused from

the exhaustion requirement because state remedies would be ineffective. (Doc. 8, p. 2.) As the Court stated in the NOSC:

> A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

(Doc. 5, p. 2.) Petitioner broadly claims that there is an absence of available state court corrective processes and that circumstances exist that render such process ineffective to affect his rights. (Doc. 8, p. 6, 10.) Even liberally construing the response to the NOSC, however, he does not explain or otherwise specifically support his contention that state-court remedies are either unavailable or ineffective to protect his rights.

For example, the Tenth Circuit has held that the passage of "inordinate time" without progress in a state-court appeal may render state remedies "ineffective" and allow a federal habeas petitioner to avoid the exhaustion requirement. *See Hill v. Reynolds*, 942 F.2d 1494, 1495-98 (10th Cir. 1991). In *Hill*, despite multiple requests to expedite his appeal, a state prisoner's counsel did not file the appellate brief until 2 years and 9 months after the notice of appeal was filed and counsel was appointed. *Id.* at 1495. Moreover, at the time the Tenth Circuit issued its opinion finding that state remedies were ineffective and exhaustion was excused, 3 years and 4 months had passed and the state court appeal was still pending. No such delay is alleged in this case, nor does Petitioner otherwise explain why he believes state remedies are ineffective or unavailable.

Petitioner further contends that the United States Supreme Court has held that exhaustion "is not required when Federal courts are asked to remedy a violation of one's civil rights pursuant to the Civil Rights Act." (Doc. 8, p. 2.) This is a federal habeas matter, under 28 U.S.C. § 2254, which challenges the constitutionality of a state court conviction and seeks release. *See Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). In contrast, a civil rights action under 42 U.S.C. § 1983[1] is the proper vehicle to assert the violation of one's constitutional rights by a state actor and seek relief that does not affect a prisoner's release date. *See West v. Atkins,* 487 U.S. 42, 48-49 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Simply put, a civil rights action is subject to different exhaustion requirements than a federal habeas action. Thus, the rules regarding exhaustion of civil rights claims do not affect whether Petitioner has exhausted the federal habeas claims he asserts in this matter.

Similarly, Petitioner's references to state action, ejusdem generis, pendant state proceedings, the *Younger* doctrine, the *Heck* bar, and the strength of his underlying constitutional claims are not relevant to the exhaustion question now before the Court. (*See* Doc. 8, p. 4, 6, 10-18.) The Court will address two points within those references, however. First, Petitioner directs the Court's attention to *Cuadra v. Sullivan*, 837 F.2d 56, 59 (2d Cir. 1988), for the proposition that this Court should not dismiss his petition simply because he has not shown to certainty that a constitutional violation occurred. (Doc. 8, p. 10.) Petitioner is assured that the Court's decision on whether the claims in this matter are exhausted is not based on the strength of those claims.

Second, in his response to the NOSC, Petitioner directs the Court's attention to *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 8, p. 8, 17.) *Heck* holds that only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal

---

[1] As Petitioner notes in his response, he has a currently pending 42 U.S.C. § 1983 action, assigned Case No. 24-cv-3095-JWB-GEB, in which he is pursuing claims that his civil rights were violated. To the extent that the response to the NOSC in this case can be construed as asserting errors or seeking relief for claims made in that proceeding (*see* Doc. 8, p. 3-4), Petitioner is informed that no action will be taken under this case number. This federal habeas matter is not the appropriate forum in which to challenge actions taken in Petitioner's ongoing federal civil rights actions.

confinement, assuming that person does not have immunity. *Id.* at 486-87. This Court has previously identified the *Heck* doctrine as a bar to Petitioner's civil rights claims in a separate, now-closed § 1983 action.

But the *Heck* doctrine does not affect whether the claims in this federal habeas action are exhausted. *See Scott v. Nash*, Case No. 24-cv-3151-JWL, Doc. 13, p. 2 (D. Kan. Nov. 21, 2024) (unpublished) (noting "the plaintiff must comply with the exhaustion of state court remedies requirement" when seeking habeas relief that may allow a civil rights action for damages that is not barred by *Heck*). Put another way, even when a state prisoner seeks federal habeas relief in order to be able to later bring a civil rights action based on alleged violations that occurred during or related to events that led to a criminal conviction, the prisoner must comply with the federal habeas exhaustion requirements.

After careful consideration of Petitioner's arguments, the information cited therein, and the relevant caselaw, the Court concludes that the claims in this federal habeas matter are not exhausted and that state-court remedies remain available for such exhaustion. In addition, Petitioner has not shown that state-court remedies would be ineffective to protect his constitutional rights, nor has Petitioner otherwise persuaded the Court that he should be excused from compliance with the exhaustion requirement.

The response, liberally construed, includes a request that the Court stay this matter rather than dismiss it without prejudice. (*See* Doc. 8, p. 1.) The United States Supreme Court has held that a federal court faced with unexhausted habeas claims from a state prisoner may dismiss the case without prejudice or may stay the federal habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005); *See also Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). A federal district court may stay

habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines*, 544 U.S. at 277-78. In addition, this Court must consider whether Petitioner is "close to the end of the 1-year period" to timely file his federal habeas petition under 28 U.S.C. § 2244(d). *Id.* at 275.

The Court notes that it does not appear that Petitioner is close to the end of the 1-year period in which he may timely file a petition for federal habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). To the extent that Petitioner refers in his response to the time at which his Fourth Amendment claim became choate (Doc. 8, p. 9), such a date may be implicated in the timeliness of a civil rights claim involving the Fourth Amendment. It is not clear why Petitioner believes it is relevant to this federal habeas matter.

The Court will afford Petitioner time in which to submit, in writing, additional argument restricted to whether this matter should be stayed and held in abeyance or dismissed without prejudice so that Petitioner can exhaust state-court remedies. To be clear, the additional argument should focus on whether this matter should be stayed or dismissed. A dismissal "without prejudice" is "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, a dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **February 28, 2025**, to submit any additional argument, in writing, why this matter should be stayed and held in abeyance rather than dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 28th day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge