IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

                              **Petitioner,**

       v.                                              **CASE NO. 24-3235-JWL**

**JESSE HOWES,**

                              **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 filed by Petitioner Michael Ray Scott, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner seeks relief from his May 2024 convictions of possession with intent to distribute a controlled substance within 1,000 feet of a school and criminal possession of a firearm by a convicted felon and the resulting sentence imposed in October 2024. (Doc. 1, p. 1.) aggravated battery, intimidating a witness, and violating a protection from abuse order, for which

On December 30, 2024, 2025, this Court issued a notice and order to show cause (NOSC), explaining that exhaustion is "[a] threshold question" in habeas matters and that "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." (Doc. 5, p. 2-3 (quoting *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) and *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)).) Because the information before the Court did not demonstrate that Petitioner had exhausted his claims in state court, nor did it demonstrate that the exhaustion requirement should be excused, the NOSC directed Petitioner to show cause, in writing, why this matter should not be dismissed without prejudice. (Doc. 5, p. 3-4.)

Petitioner timely filed a response to the NOSC (Doc. 8), which the Court liberally construed and carefully considered. Ultimately, however, the Court determined that the claims in this federal habeas petition are not exhausted, that state-court remedies remain available, and that Petitioner had not shown that he should be excused from the exhaustion requirement. (*See* Doc. 9, p. 3-6.) The response also asked the Court to stay this matter rather than dismiss it without prejudice. (Doc. 8, p. 1.) Thus, on January 28, 2025, this Court issued a memorandum and order (M&O) addressing the request for a stay. (Doc. 9.)

> The M&O explained:
>
> The United States Supreme Court has held that a federal court faced with unexhausted habeas claims from a state prisoner may dismiss the case without prejudice or may stay the federal habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005); *See also Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines*, 544 U.S. at 277-78. In addition, this Court must consider whether Petitioner is "close to the end of the 1-year period" to timely file his federal habeas petition under 28 U.S.C. § 2244(d). *Id.* at 275.
>
> The Court notes that it does not appear that Petitioner is close to the end of the 1-year period in which he may timely file a petition for federal habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). To the extent that Petitioner refers in his response to the time at which his Fourth Amendment claim became choate (Doc. 8, p. 9), such a date may be implicated in the timeliness of a civil rights claim involving the Fourth Amendment. It is not clear why Petitioner believes it is relevant to this federal habeas matter.

(Doc. 9, p. 6-7.)

The Court then granted Petitioner time in which to submit "additional argument restricted to whether this matter should be stayed and held in abeyance or dismissed without prejudice so that Petitioner can exhaust state-court remedies." *Id.* at 7. Petitioner has timely filed this additional briefing. (Doc. 10.) Because Petitioner proceeds pro se, the Court liberally construes the arguments

2

therein, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). .

In the response, Petitioner again asks the Court to stay this matter and hold it in abeyance rather than dismiss it without prejudice. (Doc. 10, p. 3.) He explains that he has attempted to exhaust his state court remedies by writing a letter to the Kansas appellate courts and, as those courts directed, wrote a letter to the clerk of the District Court of Seward County, to which he has not received a response. *Id.* He further explains that he has been appointed counsel to assist him in his state-court efforts and he asserts that the state courts, particularly the Seward County District Court "have an ongoing conflict of interest with Petitioner." *Id.* at 4-5. Finally, Petitioner asserts that "clear circumstances exist[] . . . that render such process ineffective as seen in Petitioner's Seward County Case. Those ineffective process[e]s failed to give or facts protect Petitioner[']s constitutional rights." *Id.* at 5.

Petitioner provides no further details on the asserted conflict of interest, nor does he further explain that "clear circumstances" that he believes show that state-court remedies are ineffective to protect his constitutional rights. Moreover, as noted in the M&O, it does not appear that Petitioner is close to the end of the statute of limitations for timely filing a 28 U.S.C. § 2254 petition. (*See* Doc. 9, p. 7.) Petitioner does not argue otherwise in his response. (Doc. 10.) Although it does not appear that Petitioner intentionally delayed his state-court proceedings, the Court finds that Petitioner has not demonstrated good cause for his failure to exhaust his claims in state court before filing this federal habeas action. Thus, the Court concludes that this matter should be

dismissed without prejudice[1] so that Petitioner may exhaust his claims in state court.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 27th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] A dismissal "without prejudice" is "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, a dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies. Petitioner should, however, remain aware of other procedural bars to refiling, such as the applicable statute of limitations for petitions brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).