IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

                    **Petitioner,**

      v.                                          **CASE NO. 24-3235-JWL**

**JESSE HOWES,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

      This case began in December 2024 when Petitioner and state prisoner Michael Ray Scott filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court conducted the required initial screening of the petition and issued a notice and order to show cause explaining that it did not appear that Petitioner had exhausted his claims in state court or that he should be excused from the exhaustion requirement. (Doc. 5, p. 2-4.) Thus, the Court directed Petitioner to show cause, in writing, why this matter should not be dismissed without prejudice so that he could return to state court to exhaust his claims. *Id.* at 3-4.

      Petitioner responded and the Court carefully considered the response but ultimately maintained its prior conclusion that Petitioner's grounds for relief were not exhausted, leaving this matter subject to dismissal without prejudice. (Doc. 9, p. 3-6.) In his response, Petitioner asked the Court to stay this matter and hold it in abeyance if a return to state court was required, but—after receiving and considering additional briefing from Petitioner on the topic—the Court ultimately denied the request for a stay. (Doc. 11, p. 1-3.) Therefore, on February 27, 2025, the Court dismissed this matter "without prejudice so that Petitioner may exhaust his claims in state court." *Id.* at 4. In a footnote in the dismissal order, the Court explained the meaning of dismissing

1

"without prejudice" and informed petitioner that such a dismissal "would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies." *Id.* at 4 n. 1.

This matter comes now before the Court on Petitioner's "Motion [for] Renewal of Case No. 24-cv-3235-JWL," filed on October 2, 2025. (Doc. 13.) Because Petitioner proceeds pro se, the Court has liberally construed this motion as one to reopen this case. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (holding that courts must liberally construe pro se pleadings). In the motion, Petitioner identifies several constitutional violations he believes entitle him to federal habeas relief. (Doc. 13, p. 1-28.) Liberally construing the motion, Petitioner asserts that he has now exhausted his state-court remedies and he wishes to pursue federal habeas relief under 28 U.S.C. § 2254.

This case, however, is closed. Judgment in this case was entered on February 27, 2025. (Doc. 12.) Any motion for relief from judgment filed in this matter at this point in time falls under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Nothing in the motion presently before the Court satisfies the Rule 60(b) standards for relief from a final judgment. Accordingly, the Court will deny the motion to reopen (Doc. 13).

If Petitioner wishes to seek relief under 28 U.S.C. § 2254, he must file a petition for writ of habeas corpus and begin a new federal habeas case. Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (or 28 U.S.C. § 2241) must be filed on "forms approved by the court." *See* D. Kan. Rule 9.1(a). Accordingly, the Court will direct the clerk to provide to Petitioner the required form for filing a petition for federal habeas relief under 28 U.S.C. § 2254, as well as the form Petitioner must use if he wishes to seek leave to proceed in forma pauperis in his new case. If he chooses to do so, Petitioner may then submit those forms and start a new federal habeas action in this Court.

**IT IS THEREFORE ORDERED** that the motion to reopen (Doc. 13) is **denied**. The clerk is directed to provide to Petitioner the forms required for initiating a new federal habeas action under § 2254, including the required form for moving for leave to proceed in forma pauperis. This case shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 3rd day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
